IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| AUSTIN RUSSELL, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | *   No. 3:16CV00266-JJV |
| CAROLYN W. COLVIN, | * |
| Acting Commissioner, Social Security | * |
| Administration, | * |
| Defendant. | * |

**MEMORANDUM AND ORDER**

Plaintiff, Austin Russell, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income. The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act. (Tr. 132-142.) The Appeals Council received additional information and then denied Plaintiff's request for a review (Tr. 1-128), making the ALJ's decision the final decision of the Commissioner.

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, a court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. A court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an

opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

Plaintiff was fifty-four years old at the time of the administrative hearing. (Tr. 154.) He testified he attended college for approximately two years. (Tr. 156.)

Plaintiff alleges he is disabled due to a combination of impairments. The ALJ[1] found Mr. Russell had not engaged in substantial gainful activity since August 12, 2011 – the alleged onset date. (Tr. 134.) He has "severe" impairments in the form of diabetes mellitus, human immunodeficiency virus, essential hypertension, chronic obstructive pulmonary disorder, arthritis, gout, kidney stones, and obesity. (*Id.*) The ALJ further found Mr. Russell did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1.[2] (Tr. 135-136.)

The ALJ determined Mr. Russell had the residual functional capacity to perform a reduced range of light work. (Tr. 136-137.) He determined Mr. Russell could no longer perform his past work as inventory control clerk, so he utilized the services of a vocational expert to determine whether other work existed in significant numbers that Plaintiff could perform despite his impairments. (Tr. 141, 170-174.) Through asking hypothetical questions of the vocational expert, the ALJ concluded Mr. Austin could perform the job of customer service clerk. (Tr. 142.)

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

Accordingly, the ALJ determined Mr. Russell was not disabled. (*Id*.)

In support of his Complaint, Plaintiff argues the ALJ erred by not giving more weight to the opinion of his treating doctor, Carlos Choucino, M.D.[3] (Doc. No. 11 at 14-19.)  Plaintiff is correct that his treating doctors should generally be given great deference.  But after a close review of the record, I find the ALJ could properly discount Dr. Choucino's opinion.

The ALJ gave little weight to his opinion because ". . . it is not supported by a majority of the objective medical evidence." (Tr. 140.)  The ALJ cited treatment notes from October 6, 2014, wherein it was reported that, among other things, Plaintiff's gait and motor strength were normal. (Tr. 800.)

An ALJ must generally give great weight to a treating physician.  But as the United States Court of Appeals for the Eighth Circuit has reiterated:

> Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2).  Indeed, when the treating physician's opinion is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record, the ALJ must give the opinion controlling weight. *Id.* "However, [a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal quotation omitted).  Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2).

*Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).

Here, the ALJ had fair reasons to discount his doctor's conclusions.  First, as the Commissioner points out in her Brief (Doc. No. 12 at 4-5), treatment notes from John House, M.D., and other treatment sources contradict the limitations proposed by Dr. Choucino. (Tr. 139-140, 615, 800, 805, 828.)  So rather than rely on Dr. Choucino, the ALJ correctly gave greater weight to the

---

[3]The ALJ misspelled Dr. Carlos Choucino's name as "Dr. Choyeino." (Tr. 140, 636.)

3

opinions of David Hicks, M.D., and Sharon Keith, M.D. (Tr. 140.) While not having the opportunity to actually examine or treat Plaintiff, these doctors reviewed Plaintiff's medical records and provided fairly detailed analyses. (Tr. 183-190, 210-217.) I have carefully reviewed their opinions, as did the ALJ, and I find no reversible error in relying on them over Plaintiff's treating doctor in this instance.

Plaintiff also argues the ALJ failed to consider the combined effect of his impairments. (Doc. No. 11 at 19-20.) But the ALJ stated, "The undersigned has considered all of the claimant's impairments individually and in combination but can find no evidence that the combined clinical findings from such impairments reach the level of severity contemplated in the Listings." (Tr. 136.) The ALJ later fairly considered all of the medical evidence (Tr. 138-140), and specifically considered "all of the evidence presented related to the claimant's prior work history. . ." (Tr. 138.) While Plaintiff undoubtedly has limitations resulting from the combined effect of his impairments, the objective medical evidence fails to support an allegation that he should be excluded from the workforce.

I have carefully considered Plaintiff's other arguments and find them to be without merit. It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts the findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.

*Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final decision of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 23rd day of February, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE